IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-03043-01-CR-S-MDH |
| ) | |
| SCOTT WELLS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced to 168 months imprisonment following a guilty plea for receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, allows for a reduction in offense level for certain offenders who lack criminal history points at the time of sentencing. USSG § 4C1.1. Amendment 821 also downgraded by one point the number of criminal history points a defendant receives when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). As the Government points out, however, Defendant is ineligible for modification under either of these two provisions. Defendant is ineligible for modification under § 4A1.1(e), as Defendant received no status points at the time of original sentencing. (Doc. 165 at ¶¶ 39-40). Defendant is also ineligible for modification under § 4C1.1, as

Defendant's conviction is a "sex offense" falling under chapter 110 of title 18. For these reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 26, 2024

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**